UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HAMLET LOPEZ

v.                                                                                             C.A. No. 09-578 S

A.T. WALL ET AL.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff, Hamlet Lopez ("Plaintiff"), *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint (the "Complaint" or "Cmpt.") pursuant to 42 U.S.C. § 1983 ("§ 1983") naming 37 ACI administrators and correctional officers ("C.O.s") as defendants (the "Defendants") (Docket # 1).

Presently before the Court is Plaintiff's motion for a Preliminary Injunction ("PI Motion"), presumably pursuant to Rule 65(a) of the Federal Rules of Civil Procedure (the "Federal Rules") (Docket # 36). The Defendants that have been served in this action filed an objection to Plaintiff's PI Motion ("Defendants' Objection") (Docket #40). The PI Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). I have determined that a hearing is not necessary. *Campbell Soup Co., v. Giles*, 47 F.3d 467, 469 (1st Cir. 1995). For the reasons set forth below, I recommend that Plaintiff's PI Motion be DENIED.

## BACKGROUND

In the Complaint, Plaintiff complains about the conditions of his confinement and his treatment at the hands of the Defendants. Specifically, the Complaint includes claims that the Defendants have (i) subjected him to inhumane conditions due to the disrepair of the prison; (ii) deprived him of adequate medication, food, recreation, and clothing; (iii) interfered with his phone calls, visits, and mail; (iv) harassed him; (v) assaulted him; (vi) destroyed his property; and (vii) retaliated against him for filing complaints and litigation and engaging in religious activity.

In the PI Motion, as well as a Supplemental Memorandum Plaintiff filed in support of his PI Motion ("PI Motion Supplement") (Docket # 39), Plaintiff alleges that, on June 4, 2010, Defendant C.O. Kando ransacked Plaintiff's cell and destroyed Plaintiff's legal papers and

1

breathing machine (the "June 4th Incident"). Plaintiff contends that the destruction of his breathing caused him sleepless, fearful nights and concern that he would not wake up; headaches; and other symptoms of discomfort.[1] He asserts that the destruction of his breathing machine was tantamount to attempted murder. Plaintiff implies that the alleged June 4th Incident follows a pattern of harassing behavior imposed on him by Defendant Kando, including (i) daily ransacking of Plaintiff's cell between 2007 and February 2009; (ii) refusing to open Plaintiff's cell door for meal times; (iii) shutting off the phone when Plaintiff was talking to his family or lawyers; (iv) denying Plaintiff outside recreation; (v) harassing Plaintiff's family during visits; and (vi) disciplining Plaintiff for praying and attending bible study. Plaintiff also alleges that the ransacking of his cell and destruction of his property in June 4th Incident was in retaliation for his litigation.

Plaintiff alleges that he sought help regarding the June 4th Incident from various places, including Rhode Island Senators Reed and Whitehouse; the Commission Inter-American of Human Rights; the public defender assisting him with his criminal appeal, Janice Weisfeld; his family; and Medias News. According to a letter to Plaintiff from Attorney Weisfeld that Plaintiff submitted as an exhibit to his PI Motion Supplement, Attorney Weisfeld asked investigators at the Rhode Island Public Defender's ("RIPD") office to take pictures of the broken breathing machine. PI Motion Supplement, Ex. 1. Attorney Wesifeld also contacted ACI Deputy Warden Auger on June 7, 2010 and ACI Medical Director Fine on June 8, 2010. Dr. Fine reported that the breathing machine had been looked at, and a replacement part was being obtained. Attorney Weisfeld also contacted ACI Inspector Lopez and asked him to investigate the incident. By June 11, 2010, the machine had been fixed and, despite Plaintiff's request to retain it as evidence, the broken part had been removed. The RIPD investigators had not received clearance from the ACI to take pictures of the broken part prior to the machine being repaired and the broken part being removed; they abandoned their effort to photograph the broken machine after it was fixed. Plaintiff alleges that Captain Aceto condoned the incident and that he, as well as the ACI Office of Inspection, "refuse[d] to investigate the attempted murder" "because they did not want to be exposed for retaliation." PI Motion Supplement, p.1.

---

[1] Although he does not so state in either the Complaint or the PI Motion, according to a letter sent from Plaintiff's son to Senator Whitehouse that was attached as an exhibit to the Complaint, Plaintiff suffers from sleep apnea. Cmpt., Ex. 1, p. 9.

2

Based on the foregoing, Plaintiff seeks an immediate preliminary injunction "of protection" as well as a hearing to determine other relief, such as criminal investigations, that should be taken.

Defendants deny Plaintiff's allegations regarding the June 4th Incident. Specifically, they submit reports filed by Captain Aceto and C.O.s Kando and Dritt regarding the search of Plaintiff's cell that occurred on June 4, 2010. In their reports, the ACI employees state that (i) C.O.s Kando and Dritt conducted a routine random search of Plaintiff's cell on June 4th pursuant to an ACI policy to search three cells per block during their shift, (ii) Plaintiff was not in his cell during the search and thus did not observe the search; (iii) the officers searched the legal papers in Plaintiff's cell for contraband; (iv) nothing was destroyed or thrown away during the search; (v) inspection of the breathing machine tube by Captain Aceto and medical personnel showed a broken plastic tube, consistent with normal wear and tear; (vi) Plaintiff did not mention to any correctional staff member that his breathing machine was broken; (vii) Plaintiff was given a replacement breathing tube on June 10, 2010, soon after correctional staff became aware of the problem; and (viii) Captain Aceto ordered Plaintiff to turn over the unserviceable breathing tube on June 11, 2010 because Plaintiff had no valid reason to keep it. Defendants' Objection, Exs. A-D. Defendants urge that Plaintiff's PI Motion be denied.

## DISCUSSION

### I. Preliminary Injunction Legal Standard

Plaintiff, as the party moving for a preliminary injunction, has the burden of persuasion to show: (1) a substantial likelihood of success on the merits; (2) a significant risk of irreparable harm if the injunction is denied; (3) the harm he will suffer outweighs any harm to defendants if the preliminary is granted; and (4) the preliminary injunction will promote the public interest. *McGuire v. Reilly*, 260 F.3d 36, 42 (1st Cir. 2001). A preliminary injunction is an "extraordinary and drastic remedy" and should only be granted if the movant carries the burden of persuasion by a clear showing. *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 1867 (1997). "A failure by the plaintiff to meet any one of the four requirements requires a denial of the motion." *Figueroa v. Wall*, No. 05-415, 2006 WL 898166, *2 (D.R.I. Mar. 14, 2006).

### A. Likelihood of Success on the Merits

Here, Plaintiff is not able to show a likelihood of success on the merits with respect to the instant PI Motion for a number of reasons. First, simultaneously herewith, I have issued a Report and Recommendation recommending that Defendants' Summary Judgment Motions

seeking to dismiss the claims in the action due to Plaintiff's failure to comply with the administrative exhaustion requirements of the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e, be granted and the action be dismissed. Therefore, Plaintiff does not have a likelihood of succeeding on the merits of his claims here.

Additionally, Plaintiff does not include any allegations regarding the June 4th Incident in the Complaint, and, therefore, has no chance of succeeding on the merits of the allegations in the PI Motion. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)(a party moving for a preliminary injunction must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint); *Pourkay v. City of Philadelphia*, No. 06-5539, 2009 WL 1795814, *11 (E.D.Pa. June 23, 2009)(preliminary injunction based on First Amendment claims of retaliation for filing underlying lawsuit not likely to succeed because retaliation claims were not alleged in the lawsuit and were not properly before the court); *DeWitt v. Wall*, No. 01-65, 2001 WL 1018332, *1 (D.R.I. June 05, 2001)(requiring relationship between preliminary injunction request and underlying complaint).

### B.  Failure to Show Significant Risk of Irreparable Harm

Additionally, the PI Motion should fail because Plaintiff does not demonstrate that he will suffer an immediate irreparable harm if the preliminary injunction is denied. "The prime prerequisite for injunctive relief is the threat of irreparable future harm." *National Truck Carriers v. Burke*, 608 F.2d 819, 824 (1st Cir. 1979). However, the harm cannot be speculative or based on subjective apprehensions and predictions. *See, e.g, In Re Rare Coins of America, Inc.*, 862 F.2d 896, 901 (1st Cir. 1988). Injunctive relief will not be granted against something merely feared as liable to occur at some indefinite time in the future. *Connecticut v. Massachusetts*, 282 U.S. 660, 674, 51 S.Ct. 286 (1930); *ECRI v. McGrawHill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)("plaintiff must make a clear showing that irreparable harm will occur immediately").

Here Plaintiff complains that Defendant C.O. Kando ransacked his cell and broke his breathing machine in an act tantamount to attempted murder. Although Plaintiff seeks an "Injunction of Protection," presumably to protect him against future cell ransacking and attacks against him, he fails to demonstrate that there is a significant risk that he will suffer irreparable harm in the immediate future.

First, Plaintiff supplies no evidence to support his version of the facts that his cell was ransacked, his legal papers were destroyed, and his breathing machine tube was broken maliciously. In contrast, Defendants deny such allegations and provide reports supporting their

version of the incident – that the cell search was in the normal course of business, nothing was destroyed, the breathing machine tube broke from normal wear and tear, and that the tube was replaced only a few days after they were notified about the problem. Based on the evidence, therefore, Plaintiff has not shown that he is likely to suffer any immediate harm.

Second, even if Plaintiff's allegations are assumed to be true, a showing that C.O. Kando destroyed Plaintiff's legal papers and breathing machine during the June 4th Incident, does not suggest that Plaintiff is likely to suffer an attack in the immediate future. *See, e.g., Rodriguez v. Wall*, No. 00-09, 2000 WL 1371254, *3 (Aug. 04, 2000)(Although plaintiff's allegations that he was attacked by a fellow inmate, "if true, may be disturbing, they nonetheless fail to demonstrate that the plaintiff is under an immediate threat of future harm"). Further, the harassment Plaintiff alleges that C.O. Kando subjected him to in the past, such as repeated cell searches, denial of outside recreation, and interrupting Plaintiff's contact with his family and lawyers, does not describe a pattern of behavior suggesting that Plaintiff is likely to suffer an attack in the future. "Plaintiff's subjective apprehension simply is not enough to warrant granting his motion." *Id.; see also Figueroa*, 2006 WL 898166, at *2 (the past harms about which plaintiff complains do not demonstrate likelihood that plaintiff will suffer future harm).

## CONCLUSION

Accordingly, as Plaintiff's instant PI Motion (i) is not likely to succeed on the merits and (ii) does not demonstrate a significant risk of immediate irreparable harm, I recommend that the PI Motion be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
Date: August 19, 2010