UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HAMLET LOPEZ

v.   C.A. No. 09-578 S

A.T. WALL ET AL.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff, Hamlet Lopez ("Plaintiff"), *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint (the "Complaint" or "Cmpt.") pursuant to 42 U.S.C. § 1983 ("§ 1983") naming 37 ACI administrators and correctional officers ("C.O.s") as defendants (the "Defendants") (Docket # 1).

Presently before the Court is Plaintiff's motion for a Preliminary Injunction ("PI Motion"), presumably pursuant to Rule 65(a) of the Federal Rules of Civil Procedure (the "Federal Rules") (Docket # 3). The PI Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). I have determined that a hearing is not necessary. *Campbell Soup Co., v. Giles*, 47 F.3d 467, 469 (1st Cir. 1995). For the reasons set forth below, I recommend that Plaintiff's PI Motion be DENIED.

## DISCUSSION

### I.   PI Motion

In the PI Motion, Plaintiff seeks court orders: (i) requiring the Rhode Island Board of Health to inspect and report on various conditions he alleges exist at the ACI, including a lack of sprinklers, portable toilets, vermin, inadequate ventilation, outdated plumbing, unsanitary mattresses, mold, and asbestos and (ii) requiring Defendants to make public the reports and records regarding funding for the ACI.

### II.   Preliminary Injunction Legal Standard

Plaintiff, as the party moving for a preliminary injunction, has the burden of persuasion to show: (1) a substantial likelihood of success on the merits; (2) a significant risk of irreparable harm if the injunction is denied; (3) the harm he will suffer outweighs any harm to defendants if the preliminary is granted; and (4) the preliminary injunction will promote the public interest. *McGuire v. Reilly*, 260 F.3d 36, 42 (1st Cir. 2001). A preliminary injunction is an "extraordinary

1

and drastic remedy" and should only be granted if the movant carries the burden of persuasion by a clear showing. *Mazurek v. Armstrong,* 520 U.S. 968, 972, 117 S.Ct. 1865, 1867 (1997). "A failure by the plaintiff to meet any one of the four requirements requires a denial of the motion." *Figueroa v. Wall,* No. 05-415, 2006 WL 898166, *2 (D.R.I. Mar. 14, 2006).

**III. No Likelihood of Success on the Merits or Showing of Irreparable Harm**

Here, Plaintiff is not able to show a likelihood of success on the merits with respect to the instant PI Motion for a number of reasons. I previously issued a Report and Recommendation recommending that Defendants' Summary Judgment Motions seeking to dismiss the claims in the action due to Plaintiff's failure to comply with the administrative exhaustion requirements of the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e, be granted and the action be dismissed. Therefore, Plaintiff does not have a likelihood of succeeding on the merits of his claims here. Further, Plaintiff presents no evidence demonstrating that he would suffer irreparable harm if the Court does not order Defendants to order an immediate inspection by the Rhode Island Board of Health or the release of records regarding funding for the ACI.

Accordingly, as Plaintiff's instant PI Motion (i) is not likely to succeed on the merits and (ii) does not demonstrate a significant risk of immediate irreparable harm, I recommend that the PI Motion be DENIED.

## CONCLUSION

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete,* 792 F.2d 4, 6 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir. 1980).

_/s/ Jacob Hagopian_

Jacob Hagopian
Senior United States Magistrate Judge
September 21, 2010