UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                        )
HAMLET LOPEZ,                           )
        Plaintiff,                      )
                                        )
    v.                                  )    C.A. No. 09-578-S
                                        )
A.T. WALL, et al.,                      )
        Defendants.                     )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, United States District Judge.

    Presently before the Court are two motions for injunctive
relief filed by Plaintiff Hamlet Lopez:   (1) Motion for an
Injunction for Immediate Medical Treatment ("PI Motion I") (ECF
No. 58); and (2) Motion for Injunction for (Water) Breathing
Machine (PI Motion II) (ECF No. 64) (collectively the "PI
Motions").   This Court construes both motions as filed pursuant
to Rule 65(a) of the Federal Rules of Civil Procedure.[1]   For the
reasons set forth below, both motions are DENIED.[2]

---

    [1]   Plaintiff, an inmate at the Adult Correctional
Institutions ("ACI") in Cranston, Rhode Island, has also filed
an accompanying motion to reopen and amend his previously
dismissed prisoner civil rights case in the above matter. (See
Mot. to Reopen, ECF No. 59.)   This Court has denied that motion
in a separate Memorandum and Order, also issued today.

    [2] This Court has determined that a hearing is not necessary
for either motion.   See, e.g., Dexia Credit Local v. Rogan, 602
F.3d 879, 884 (7th Cir. 2010) (holding that a court "need not
conduct an evidentiary hearing unless one is called for as a
result of a fact issue created by the response to a motion for a
preliminary injunction").

I.  DISCUSSION

   A.  The PI Motions

   In PI Motion I, Plaintiff seeks relief for the denial of various medical treatments.  Specifically, he seeks court orders remedying the following alleged wrongs resulting from actions or omissions by the Defendants: (i) Denial of water for his breathing machine; (ii) failure to treat insect bites and to diagnose Plaintiff's chronic headaches; (iii) a medical shot that has resulted in hand pain; and (iv) "upper back pain lung (strong)" [sic].[3]   In PI Motion II Plaintiff seeks an order directing the Defendants to supply better water for Plaintiff's breathing machine.

   B.  Mootness

   As a threshold matter, in view of this Court's denial of Plaintiff's motion to reopen and that Plaintiff has not sought to commence a new action, both PI motions are moot and may be denied on this basis alone.  See McReaken v. Schriro, No. CV 09-0327-PHX-DGC (MHB), 2011 WL 1988077, at *6 (D. Ariz. May 23,

---

[3] In PI Motion I Plaintiff also refers without elaboration to "the (criminal charges) of attempted murder." (PI Mot. 1.) Based on the record, this wording appears to refer to Plaintiff's allegations in the action that was dismissed -- which allegations are repeated in his motion to reopen (Mot. to Reopen 2) -- that interference with the operation of his breathing machine somehow poses a life-threatening danger to him.  He has failed to make any showing in support of that allegation.  As to the reference to "attempted murder," plaintiff likewise is made no showing whatsoever of any facts that would come close to supporting that grave and inflammatory allegation, and this Court will not take any action in response to it.

2011) (request for injunctive relief deemed moot because action was terminated).

C.  Requests for Injunction Relief

Even if considered, the PI Motions do not warrant relief. Plaintiff, as the party moving for a preliminary injunction, has the burden of persuasion to show: (1) a substantial likelihood of success on the merits; (2) a significant risk of irreparable harm if the injunction is denied; (3) the harm he will suffer outweighs any harm to Defendants if the injunction is granted; and (4) the preliminary injunction will promote the public interest. McGuire v. Reilly, 260 F.3d 36, 42 (1st Cir. 2001). A preliminary injunction is an "extraordinary and drastic remedy" and should only be granted if the movant carries the burden of persuasion by a clear showing. Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). "A failure by the plaintiff to meet any one of the four requirements requires a denial of the motion." Figueroa v. Wall, No. C.A.05 415 T, 2006 WL 898166, at *2 (D.R.I. Mar. 14, 2006).

Here, Plaintiff is not able to show a likelihood of success on the merits with respect to either PI Motion. As noted in this Court's ruling denying Plaintiff's motion to reopen, Plaintiff has not stated any new claims that will likely warrant relief. (See 7/28/11 Mem. & Order 6.) He does not say how he was harmed by the conditions of which he complains, other than to allege unspecified hand and back pain. Moreover, in their

objection to the motion (Def.'s Resp. in Opp'n of Mot. to Reopen, ECF No. 60), the Defendants have included a listing of more than 20 medical visits the Plaintiff has had during the past two years, all of which Plaintiff has not disputed in his subsequent filings. Thus, Plaintiff has not shown a "deliberate indifference" to an inmate's serious medical needs -- let alone a complete denial of treatment that rises to an Eight Amendment violation. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Put another way, none of the conditions complained of in either PI Motion -- the denial of water for his breathing machine; failure to treat insect bites and to diagnose chronic headaches; a medical injection resulting in unspecified hand pain and unspecified "upper back pain" -- are supported by specific facts alleging the likelihood of entitlement to relief, let alone show any imminent danger of immediate and irreparable harm. See Ashcroft v. Iqbal, -- U.S. --, 129 S. Ct. 1937, 1949-1950 (2009) (in reviewing sufficiency of allegations, a court need not credit bald assertions or unverifiable conclusions).

For these reasons plaintiff fails to satisfy the requirements for an injunction to be issued.[4]

---

[4] In view of Plaintiff's failure to satisfy these two requirements for injunctive relief, this Court need not address the remaining two factors. See Lyons v. Wall, 431 F. Supp. 2d 245, 246 (D.R.I. 2006).

4

## II.  CONCLUSION

In view of the foregoing considerations, Plaintiff's motions for injunctive relief, PI Motion I and PI Motion II (ECF Nos. 58 and 64), are hereby DENIED and DISMISSED.


IT IS SO ORDERED:


*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: August 22, 2011