UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
HAMLET LOPEZ,                       )
        Plaintiff,                  )
                                    )
    v.                              )   C.A. No. 09-578-S
                                    )
A.T. WALL, et al.,                  )
        Defendants.                 )
_____

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Plaintiff Hamlet Lopez, an inmate at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island, has filed a pro se motion to reopen and amend his previously dismissed prisoner civil rights case in the above-captioned matter. (See Mot. to Reopen, ECF No. 59.) For the reasons that follow, Plaintiff's motion is denied.

I.  Background

In his initial complaint, Plaintiff asserted a number of claims concerning his conditions of confinement and his treatment at the hands of the Defendants.[1]  The complaint

---

[1] Of the numerous defendants named in Plaintiff's initial complaint, only four were served and were parties to the case when it was dismissed: Defendants A.T. Wall, C.O. Tyre, Matthew Kettle and Investigator Catlow. Unless otherwise stated, these individuals are treated as the active Defendants as to all of Plaintiff's motions currently pending before this Court. See

asserted claims that Defendants had permitted inhumane conditions to exist due to the disrepair of the prison; deprived Plaintiff of adequate medication, food, recreation, and clothing; interfered with his phone calls, visits, and mail; and subjected Plaintiff to verbal and physical harassment in retaliation for his filing grievances. (See Compl. 4-19, ECF. No. 1.) In addition, Plaintiff alleged that his breathing machine[2] (also called a continuous positive airway pressure (CPAP) machine) had been ransacked and broken by C.O. Kando. This Court granted summary judgment on behalf of the Defendants, dismissing all claims, and it also denied Plaintiff's motions seeking injunctive relief as to various alleged conditions at the ACI.[3] Judgment dismissing the action was entered on October 25, 2010. (See ECF No. 56.)

---

infra notes 4 and 10.

[2] From the record, it appears that Plaintiff has a medically prescribed breathing machine to assist him with his sleep apnea condition.

[3] The Court's rulings were based on Reports and Recommendations filed by Magistrate Judge Jacob Hagopian on (1) Defendants' motions for summary judgment (Report and Recommendation, Aug. 19, 2010, ECF No. 44) ("8/19/10 SJ R&R"), accepted and adopted per the Court's Order of Oct. 21, 2010 (Order Granting Mot. for Summ. J., ECF No. 56); (2) Plaintiff's first motion for preliminary injunction (Report and Recommendation, Aug. 19, 2010, ECF No. 43) ("8/19/10 PI R&R"), accepted and adopted per this Court's Order of Oct. 21, 2010 (Order Den. Mot. for Prelim. Inj., ECF No. 55); and (3) Plaintiff's second motion for preliminary injunction (Report and Recommendation, Sept. 22, 2010, ECF No. 52) ("9/22/10 PI R&R"),

In his motion to reopen, Plaintiff asserts claims that (1) he is not receiving the proper water needed for his breathing machine to function; (2) the location of his assigned cell is "right in front of the shower area, where steam, mildew, bacteria and mold generate further health complications;" (3) his cell is infested with roaches, water bugs, mice and other vermin; and (4) there is inadequate heat and ventilation in his cell.[4]

II. ANALYSIS

Plaintiff's motion to reopen his previous action must be denied. First, he provides no legal authority or basis permitting him to simply reopen a judgment dismissing a case in order to file new claims in that case. See Fisher v. Kadant, Inc., 589 F.3d 505, 509 (1st Cir. 2009) (denying plaintiff's bid to reopen judgment in order to file amended claims, noting that "[s]uch a practice would dramatically undermine the ordinary rules governing the finality of judicial decisions, and should not be sanctioned in the absence of compelling circumstances").

---

accepted and adopted per this Court's Order of Oct. 19, 2010 (Order Adopting Report and Recommendation, ECF No. 54).

[4] With his motion to reopen Plaintiff has also filed two motions for injunctive relief. (See Pl.'s Mots. for Injunctive Relief, ECF Nos. 58, 64.) Both motions are addressed in a separate Memorandum and Order issued this date.

3

Second, even if Plaintiff's motion to reopen were construed as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure,[5] it still fails. Under that provision, a court may relieve a party from a final judgment or order only for certain specified grounds, including: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged or otherwise cannot be equitably enforced; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

---

[5] Fed. R. Civ. P. 60(b) provides as follows:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

4

In general, relief under Rule 60(b) "is 'extraordinary in nature' and, thus, 'motions invoking that rule should be granted sparingly.'" Fisher, 589 F.3d at 512 (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)). A party seeking relief under Rule 60(b) must demonstrate "at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Id.; see also Bibby v. Petrucci, C.A. No. 07-463-S, 2009 WL 4639101, at *2 (D.R.I. Dec. 7, 2009) ("There must exist exceptional circumstances that justify extraordinary relief.") (internal quotations omitted).

None of the enumerated grounds set forth in Rule 60(b)(1)-(5) apply here. Plaintiff does not claim -- nor could he -- mistake, surprise or neglect; fraud in connection with the original judgment; that the judgment is void; or that the judgment has been reversed or vacated. Nor do any of the new claims he asserts result from newly discovered evidence. Virtually all of the various exhibits and documents appended to Plaintiff's motion to reopen were either appended to his original complaint or predate the filing of that complaint and

thus were available to him at the time he filed his original complaint.

This leaves only Rule 60(b)(6), the catchall provision. Grounds sufficient to grant relief from judgment under Rule 60(b)(6) include "fraud on the court," United States v. 6 Fox Street, 480 F.3d 38, 46-47 (1st Cir. 2007), or relief from default judgments, see Ungar v. Palestine Liberation Org., 599 F.3d 79, 83-84 (1st Cir. 2010), neither of which applies here. The First Circuit has noted that "[d]istrict courts should grant Rule 60(b)(6) motions only where exceptional circumstances justifying extraordinary relief exist." Paul Revere Variable Annuity Ins. Co. v. Zang, 248 F.3d 1, 5 (1st Cir. 2001) (internal quotations omitted).

Reviewing the motion to reopen, this Court finds that there are no extraordinary or exceptional circumstances warranting reopening the judgment. Rather, it is clear from the face of the motion that Plaintiff merely seeks to assert new claims concerning the alleged denial of medical treatment and the existence of alleged conditions at the ACI that contribute to his medical problems.[6] Most of these complaints -- onerous conditions of confinement, inadequate medical care and

---

[6] To the extent Plaintiff seeks to amend his original claims under Fed. R. Civ. P. 15(a), this may not be done unless and until the judgment is set aside. See Fisher v. Kadant, Inc., 589 F.3d 505, 508-09 (1st Cir. 2009).

6

interference with Plaintiff's breathing machine[7] -- repeat or relate to claims that were dismissed as part of Plaintiff's original complaint.

Moreover, even if the claims raised in the motion to reopen could be considered on their merits, none of them appear to state a claim warranting relief.[8] Plaintiff alleges conditions of confinement -- the location of his cell in an area that encourages mold and bacteria; the presence of bugs, mice and other vermin in his cell; a contaminated mattress; and inadequate heat and ventilation -- as a result of which he suffers "breathing complications," lack of sleep, dizziness, migraine headaches, unspecified "heraing [sic] and sight"

---

[7] In the course of his dismissed action, Plaintiff alleged that a correctional officer destroyed or otherwise rendered inoperable his breathing machine (see Mot. for Inj. and Protective Order 1-2, ECF No. 36); in the instant motion to reopen, he seeks to assert a claim that Defendants have failed to provide him with the proper water to operate the machine (see Mot. to Reopen 2).

[8] This Court notes that there is also a question of whether the new claims Plaintiff seeks to assert have been exhausted, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006) (noting purpose of exhaustion requirement is to afford corrections officials time and opportunity to address complaints internally before allowing initiation of a federal case). However, in view of its determination that the motion to reopen must be denied, this Court need not determine whether Plaintiff has exhausted his administrative remedies under the three-tier grievance procedure available at the ACI or whether the proposed new claims are grievable or 'non-grievable' under that system. (See 8/19/10 SJ R&R 4-7 (discussing this issue in connection with Plaintiff's original claims).)

problems, and "mental fatigue and stress." Such allegations do not show that Plaintiff was forced to endure "extreme deprivations," or that the Defendants acted with "deliberate indifference" to such conditions, so as to amount to cruel and unusual punishment under the Eighth Amendment. See Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

Likewise, none of the claims alleging inadequate medical treatment -- the denial of water for the breathing machine; failure to treat insect bites and to diagnose chronic headaches; a medical shot or injection resulting in unspecified hand pain; and unspecified "upper back pain lung" [sic] -- establishes a "deliberate indifference to a serious medical need." See Braga v. Hodgson, 605 F.3d 58, 61 (1st Cir. 2010) (internal quotations omitted). Similarly, Plaintiff fails to allege facts showing life-threatening consequences to his health resulting from these conditions.

While Plaintiff does make the disturbing allegations that he "is being tormented and his very life is endanger [sic]," "there is a potential for death resulting," and he "is being tortured and fatally inflicted with illnesses," (Mot. to Reopen 2, 4), these allegations are entirely unsupported by any factual basis. See Ashcroft v. Iqbal, -- U.S. --, 129 S. Ct. 1937, 1949-50 (2009) (in reviewing sufficiency of allegations, a court need not credit bald assertions or unverifiable conclusions).

8

Plaintiff does complain of several specific instances of mistreatment -- namely, untreated insect bites, steam and moisture from the nearby shower room, and deprivation of the proper water for his breathing machine. (See Mot. to Reopen 2-4, ECF No. 59). However, both Plaintiff's and Defendants' filings suggest that the Plaintiff's health concerns have been addressed by prison medical services. Jose Arias, M.D., the Acting Medical Program Director, wrote in a letter of October 13, 2009 that steam and moisture allegedly wafting from the shower area into Plaintiff's cell have no known negative effects on patients with sleep apnea.[9] (See ECF No. 59, Ex. 3 at 11.) Regarding the Plaintiff's claim that he is not provided with the proper water for his CPAP device,[10] the Court notes that information alleged in the Defendants' memorandum suggests that not only has Plaintiff's sleep apnea been recognized, diagnosed, and treated by the prison's medical services, but that Plaintiff was seen by prison medical services specifically regarding the

---

[9] According to Jose Arias, M.D., the Plaintiff was diagnosed by at least one doctor as having "sleep apnea and no other diagnosed chronic respiratory disease." (Sept. 14, 2009 Letter from Jose Arias, M.D., ECF No. 59-4 at 10.)

[10] Plaintiff complains that the CPAP device he has been prescribed has been rendered useless by the "generic brand" water now used, (ECF No. 62, Ex. 1) "cheap water that lacks nutrients and other products" needed to alleviate his symptoms. (Mot. for an Injunction for (Water), ECF No. 64.) From this, it appears Plaintiff objects to the use of tap water rather than distilled water.

9

use of distilled water vel non in his CPAP device.  (See Resp. in Opp'n re Mot. to Reopen 2, ECF No. 60.)  Though Plaintiff attached an exhibit to an earlier pleading with photographs depicting a rash -- which Plaintiff attributes to insect bites (see ECF No. 53-4 at 9-14) -- it appears that Plaintiff was seen by prison medical services four times in the subsequent month to treat the rash.  (See ECF No. 60 at 2.)

In short, the new allegations, even if accepted as true, do not demonstrate any "exceptional circumstances justifying extraordinary relief" sufficient to warrant reopening or setting aside the judgment dismissing Plaintiff's original complaint. See Paul Revere, 248 F.3d at 5 (internal quotations omitted). Such allegations must be asserted in a new and separate complaint accompanied by, if applicable, a motion to proceed in forma pauperis.[11]

---

[11] In view of this Court's denial of the instant motion to reopen, Plaintiff's motion for protective order (ECF No. 62) -- in which he alleges that, as a result of being disciplined without due process for receiving cooked food from a fellow inmate, he suffered loss of various privileges including law library access, recreation, TV and radio for two days -- can be denied as moot.  Even if considered on the merits, none of the claims raised in that motion entitle Plaintiff to relief.  See Hopkins v. Grondolsky, 759 F. Supp. 2d 97, 102 (D. Mass. 2010) ("The temporary loss of privileges as a means of effecting discipline generally is not 'a dramatic departure from accepted standards of confinement' and does not constitute the deprivation of a liberty interest." (quoting Overton v. Bazzetta, 539 U.S. 126, 137 (2003))).

III. Conclusion

In view of the foregoing considerations, Plaintiff's motion to reopen is hereby DENIED.

IT IS SO ORDERED:

*/S/ William E. Smith*

William E. Smith
United States District Judge
Date:  August 22, 2011